```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

| | |
|---|---|
| STEVEN L. BENDER, | NOT FOR PRINT OR ELECTRONIC PUBLICATION |
| Plaintiff, | |
| -against- | **MEMORANDUM AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security | 09-CV-5738(KAM) |
| Respondent. | |

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

Steven Bender ("plaintiff") commenced this action against Michael J. Astrue, the Commissioner of Social Security ("defendant" or "Commissioner") on December 31, 2009, seeking review of the Commissioner's decision denying plaintiff disability insurance benefits under Title II of the Social Security Act ("the Act") on the grounds that the decision was erroneous and that he is entitled to receive Social Security benefits due to severe medically determinable impairments, which he alleges prevent him from performing any work. Defendant moves to dismiss the instant action as untimely pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is granted.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on September 4, 2003 alleging disability based upon various "physical and medical impairments." (Doc. No. 1, Complaint ("Compl.") at 4, 39.) Plaintiff's claim was initially denied and plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 2.) That hearing was held on May 8, 2006 before ALJ Manuel Cofresi. (*Id.* at 2, 35-39.) On June 28, 2006, ALJ Cofresi issued a decision finding that plaintiff was not disabled under the Act and therefore not entitled to disability benefits. (*Id.* at 35-39.)

On November 30, 2006, upon plaintiff's request for review, the Appeals Council vacated ALJ Cofresi's decision and remanded the case for further administrative proceedings. (*Id.* at 28-31.) ALJ Cofresi held a further hearing on July 14, 2008, and issued a second decision denying plaintiff's application for disability insurance benefits on August 11, 2008. (*Id.* at 16-27.)

On February 19, 2009, the Appeals Council denied plaintiff's request for review of ALJ Cofresi's decision. (*Id.* at 13-15) This made ALJ Cofresi's July 14, 2008 decision denying plaintiff's application for benefits the final decision of the Commissioner. (*See id.*)

The February 19, 2009 Appeals Council Notice informing plaintiff and his counsel of the denial also stated that plaintiff had sixty days from the day he received the Notice to file a civil action for review in District Court. (*Id.* at 13-15.) The Notice further informed plaintiff that if he could not file for court review within sixty days, he could ask the Appeals Council to extend his time to file by making a request in writing and giving "good reason" for that request. (*Id.*) The Notice additionally gave an address and phone number for plaintiff's local Social Security office and instructed plaintiff to call that office if he had any questions. (*Id.* at 15.)

On December 31, 2009, plaintiff filed the complaint in this action. (*Id.* at 3.) Plaintiff attached to his complaint a letter dated September 15, 2009 and addressed to the Clerk of the Court of the United States District Court for the Eastern District of New York ("September 15 Letter"). (*Id.* at 45-47.) In the September 15 Letter, plaintiff acknowledged the sixty-day deadline for filing an appeal but asserted that he should be entitled to an exception to this rule based on considerations of fairness as well as a number of medical and technical problems he experienced during the limitations period. (*Id.* at 45-47; *see also* Doc. No. 14, Pl's. Opp'n to Def's. Mot. to Dismiss ("Opp'n.") at 2, 11-12, 14.)

Specifically, the September 15 Letter recounted that plaintiff had a "crippled ring finger" which caused a "typing disability" and thereby slowed the preparation of his complaint and related documents; that he lacked the proper software to open PDF files; and that he had a series of computer problems and could not afford to replace his "ancient" computer equipment. (Compl. at 45-47.) Plaintiff also contended that he should not be penalized for failing to meet the sixty-day deadline because his inability to afford new computer equipment was at least partially due to the Social Security Administration's ("SSA") denial of disability benefits in 2003. (*Id.* at 46.) Plaintiff further reported that he was unable to travel to the courthouse in person during the limitations period due to a serious bout of viral gastroenteritis in January 2009. (*Id.*) Plaintiff further claimed that he had had "over 20 symptoms since early summer" 2009, including arthritis in his right foot, chest pains, kidney cancer, mercury poisoning, and that he had been concerned about the H1N1 flu "pandemic." (*Id.* at 46-47.) Plaintiff finally contended that penalizing him for failing to meet the sixty-day deadline would be "discriminatory" because the SSA "has routinely taken between [e]ighteen months and two years between actions" on his case. (*Id.* at 47.)

In opposing defendant's motion to dismiss, plaintiff has identified additional alleged medical ailments which he

claims caused him to forget about the sixty-day deadline for filing his civil action. (Opp'n. at 4, 12, 14; *see also* Doc. No. 17, Letter dated July 26, 2010 ("Supp. Opp'n.") and attached exhibits.) Specifically, plaintiff alleged medical problems including acute mercury poisoning caused by dental work and treatment for a kidney mass. (Opp'n. at 3-4; Supp. Opp'n. at Exs. 14A-F.) Plaintiff attached medical documentation to his opposition which showed that received dental work that he asserts is related to the alleged mercury poisoning on June 8, 2009 (*Id.* at Exs. 8, 8A), and underwent diagnostic testing and treatment for a kidney mass between August and October 2009 (Opp'n. Exs. 18, 22A, 23A, 30-32A, 40).

Plaintiff alleged that he made efforts to meet the sixty-day deadline by placing "many" unsuccessful phone calls to the district court and attempting to download SSA PDF files. (Compl. at 45.) Further, plaintiff stated that he had needed "additional time to review each and every page in [his] SSA file." (*Id*. at 47.) In his supplementary opposition, plaintiff also attached various emails and documents showing his efforts to improve and repair his computer equipment. (Supp. Opp'n at Exs. 53-61.) Due to the medical and technical issues documented in his complaint and his opposition, plaintiff requests that the court toll the sixty-day time limitation for filing an appeal. (Compl. at 47; Opp'n. at 14.)

The Appeals Counsel received a copy of plaintiff's September 15 Letter and considered the letter a request for an extension of time to file a civil action, but concluded that plaintiff had not shown good cause for an extension under the applicable regulations. (Doc. No. 12, March 5, 2010 Declaration of Patrick J. Herbst ("Herbst Decl.") at Ex. 3.) By letter dated March 5, 2010, the Appeals Counsel notified plaintiff that it denied plaintiff's request for an extension of time to file a civil action. (*Id.*)

## DISCUSSION

### I. Standard of Review

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. (Doc. No. 10, Mem. of Law in Supp. of Def's. Mot. to Dismiss ("Def. Mot.") at 1.) The Supreme Court has held that "the 60-day requirement [of 42 U.S.C. § 405(g)] is not jurisdictional but rather constitutes a statute of limitations." *Bowen v. City of New York*, 476 U.S. 467, 467 (1986). Accordingly, the court addresses defendant's arguments under Federal Rule of Civil

Procedure 12(b)(6).[1]  *See Goff v. Apfel*, No. 99-cv-8062, 2004 WL 1243148, at *5 (E.D.N.Y. Mar. 30, 2004).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Additionally, as plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, *Pardus*, 551 U.S. at 94, and the court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).  Nevertheless, in order to survive a motion to dismiss, the plaintiff must provide "the grounds" upon which his claim rests through factual

---

[1] In accordance with the well-settled law of this Circuit, along with the Complaint, in deciding this Rule 12(b)(6) motion to dismiss, the court will consider those documents submitted by the parties which are matters of public record or which are deemed included in the Complaint. *See Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)(noting that it is "well-established" that a court may rely on matters of public record in deciding a Rule 12(b)(6) motion to dismiss); *see also Sira v. Artuz*, 380 F.3d 57, 67 (2d Cir. 2004) (noting that a court deciding a motion to dismiss under Rule 12(b)(6) may consider all documents included by reference, or because in the complaint whether by attachment as an exhibit, through incorporation the documents are "integral" to the pleading) (internal citations omitted). Accordingly, the court has considered exhibits and declarations submitted by both plaintiff and defendant.

7

allegations sufficient "to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

**II. Application**

The defendant moves to dismiss on the ground that the plaintiff's complaint was not timely filed pursuant to 42 U.S.C. § 405(g). Section 405(g) provides the statutory basis for a claimant to seek judicial review of the final decision of the Commissioner of Social Security and sets a sixty-day limit on the filing of such civil actions. It states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Under the applicable regulations, "mailing" is interpreted as the date the individual receives either the Appeals Council's Notice denying the request to review the ALJ's decision or the Appeals Council's decision, and the date of receipt is presumed to occur five days after the date of such notice or decision by the Appeals Council absent a reasonable showing to the contrary by the claimant. 20 C.F.R. §§ 404.981, 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d

Cir. 1984) ("Rather than commencing on the date notice of decision is *mailed* to the claimant, the sixty day period starts from the time notice is *received* by the claimant. Moreover, the regulation creates a rebuttable presumption that receipt of notice shall be presumed to occur '5 days after the date of such notice.'") (quoting 20 C.F.R. § 422.210(c)) (emphasis in original). Thus here, plaintiff is presumed to have received the Appeals Council Notice five days after its date of February 19, 2009, or, on February 24, 2009, and the relevant limitations period expired sixty days later, on April 27, 2009. (*See* Compl. at 13-15.)

The sixty-day time limit Section 405(g) places on appeals to the district court "is a condition of sovereign immunity and thus must be strictly construed" and courts "must be careful not to interpret it in a manner that would "extend the waiver beyond that which Congress intended." *See Block v. North Dakota*, 461 U.S. 273, 287 (1983) (quoting *United States v. Kubrick,* 444 U.S. 111, 117-18 (1979)). Thus, in this Circuit, courts have granted motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where plaintiffs fail to comply with the sixty-day deadline under 42 U.S.C. § 405(g) and do not meet the requirements for equitable tolling. *See, e.g.*, *Lirazano v. Astrue*, No. 07-cv-5074, 2010 WL 626791, at *4 (E.D.N.Y. Feb. 23, 2010).

The principle of equitable tolling, however, may excuse a claimant's failure to file his complaint on time. *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000). To obtain the benefit of this doctrine, the claimant must demonstrate that claimant has both (1) "prove[n] that the circumstances are so extraordinary that the doctrine should apply" and that plaintiff (2) "acted with reasonable diligence during the time period [he] seeks to have tolled." *Zerilli-Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir. 2002)).

Here, plaintiff has demonstrated neither extraordinary circumstances nor due diligence. As an initial matter, based on their dates, plaintiff's complained of medical issues did not interfered with the relevant limitations period, which occurred between February, 24 2009 (five days after the Notice's date) and April 27, 2009. Thus, plaintiff's hospitalization for gastroenteritis occurred in mid January 2009, prior to his receipt of the Appeals Council Notice dated February 19, 2009. (Compl. at 46.) Moreover, plaintiff's other alleged medical problems occurred after the deadline for the filing of the complaint had passed on April 27, 2009. According to the medical evidence submitted by plaintiff, plaintiff's complained of symptoms of mercury poisoning occurred after his related

dental work on June 8, 2009 (Opp'n., Exs. 8, 8A), and he did not undergo diagnostic testing and treatment for a kidney mass until between August and October 2009 (Opp'n., Exs. 18, 22A, 23A, 30-32A, 40). The timing of these events thus shows that plaintiff's alleged medical problems do not rise to the level of "extraordinary circumstances" much less any circumstances at all that could have prevented plaintiff from filing the complaint during the relevant limitations period between February 24 and April 27, 2009.

Second, even if plaintiff's alleged medical ailments had in fact interfered with the limitations period, they did not constitute extraordinary circumstances justifying equitable tolling of the sixty-day deadline. *See Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir. 1988)(dismissing a complaint filed thirty days late even though the plaintiff claimed that serious illness prevented her from filing sooner). Allowing disability claimants who have been denied benefits "to toll the sixty-day period on grounds of poor health would thoroughly undermine Section [405(g)'s] sixty-day limitation period." *Id*. Although tolling on the basis of illness requires a case-specific inquiry, poor health is generally not grounds for equitable tolling under 42 U.S.C. § 405(g) because it is not a "rare and exceptional circumstance." *Molnar v. Legal Sea Foods, Inc.,* 473 F. Supp. 2d 428, 430-31 (S.D.N.Y. 2007) (rejecting request for

equitable tolling in case where plaintiff allegedly suffered from the flu for one week); *see also Wong,* 854 F.2d at 631.

Nor do plaintiff's alleged computer problems constitute extraordinary circumstances. While it may have been difficult for plaintiff to complete the complaint without a functioning computer, the obstacles faced by the plaintiff do not amount to a "rare and exceptional circumstance," *Molnar* 473 F. Supp. 2d at 430, necessary to grant equitable tolling appropriate under § 405(g).

The Second Circuit has found equitable tolling warranted in instances where a claimant fails to seek judicial review in a timely manner because of mental impairment, *Canales v. Sullivan,* 936 F.2d 755, 758-59 (2d Cir. 1991), or where misleading or covert action by the government or an attorney impedes a claimant from timely pursuing the correct judicial avenues, *State of N.Y. v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990).[2] *See Torres v. Barnhart*, 417 F.3d 276, 281 (2d Cir. 2005)("With one exception, every case in this Circuit that has

---

[2] For example, district courts in this Circuit have also found equitable tolling appropriate where: (1) the SSA sent the claimant, who was accustomed to receiving notices from the SSA in Spanish, the Appeals Council's decision in English only, and it took her an additional six days to find an interpreter and legal services, *Correa v. Bowen,* 682 F. Supp. 755, 757 (S.D.N.Y. 1988); (2) the SSA provided inadequate notice of the procedures that the claimant was required to follow to request an extension of time, *Laursen v. Massanari*, 164 F. Supp. 2d 317, 321 (E.D.N.Y. 2001); and (3) the plaintiff received conflicting information from the court and from an attorney as to the calculation of the deadline for filing in district court, *Hernandez v. Sullivan*, No. 91-cv-1836, 1991 WL 243451, at *3 (S.D.N.Y. Nov. 8, 1991).

applied *Bowen's* equitable tolling doctrine is one in which a defect in the administrative process inhibits the claimant's ability to utilize the agency's (lenient) time extension procedure.")  Neither of these circumstances is present here.  Indeed, plaintiff does not allege either that the government engaged in improper behavior to deprive him of his right to review, or that he suffers from any mental impairment.  Plaintiff simply asserts that that he was prevented from filing his complaint on time due to a number of physical health issues and recurring computer malfunctions, which, as discussed, do not rise to the level of "extraordinary circumstances."  (Compl. at 45-47.)

      Nor has plaintiff shown that he "acted with reasonable diligence during the time period [he] seeks to have tolled" *Chapman,* 288 F.3d at 512.  Plaintiff's only alleged efforts to file the complaint during the tolling period included placing a number of calls to the district court and attempting to download SSA PDF files.  (Compl. at 45.)  Cases in this Circuit where courts have equitably tolled the 42 U.S.C. § 405(g) involve claimants who acted more diligently under circumstances more challenging than those plaintiff confronted here.  For example, the claimant in *Hernandez v. Barnhart* filed a new application during the limitations period instead of filing a complaint with the court despite "significant impairments, including illiteracy

13

and mental retardation," in addition to being solely Spanish-speaking. *Hernandez v. Barnhart,* No. 01-cv-2349, 2004 U.S. Dist. LEXIS 3404, at *4, *18 (S.D.N.Y. Mar. 4, 2004), adopted by 2004 U.S. Dist. LEXIS 5818 (S.D.N.Y., Apr. 6, 2004). In *Hernandez*, the court also found that the complainant was "incapacitated during the relevant limitations period," which may have prevented her from pursuing judicial review. *Id.* at *18. Yet, within a matter of months, claimant sought and obtained legal counsel, and ultimately filed a complaint on the same day that she first met with counsel, approximately five months after the deadline. *Id*. at *5.

Similarly, in *Rodriguez v. Barnhart*, claimant suffered from depression, mild mental retardation, and possibly more significant mental impairments. *Rodriguez, v. Barnhart*, No. 01-cv-3411, 2002 WL 31875406, at *4 (S.D.N.Y. Dec. 24, 2002). However, the claimant managed to contact the court's *Pro Se* Office within the limitations period to request the necessary forms, and ultimately submitted her complaint just thirty-two days after the deadline, thereby raising a "colorable claim" for equitable tolling and requiring an evidentiary hearing. *Id.* at *1, 4-6. Here, plaintiff filed his complaint eight months after the deadline, and did not allege any mental handicap or language barrier.

Plaintiff's arguments regarding the actions of the SSA are also unavailing. The initial denial of plaintiff's disability benefits and the SSA's delay between actions does not render plaintiff's circumstances "extraordinary" or show that he acted with "reasonable diligence." *Chapman*, 288 F.3d at 512. Moreover, the relevant sixty-day limitations period pertains to claimants, not the government, and the law nowhere provides for an extension to the statutory limitations period based upon the timing of actions by the government. *See Bowen*, 476 U.S. at 479. ("the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed").

Accordingly, the plaintiff has failed to identify any circumstance that would justify equitable tolling of the statute of limitations in this case.

## CONCLUSION

For the reasons explained above, defendant's motion to dismiss is granted because the complaint is time-barred by the controlling sixty-day statute of limitations. 42 U.S.C. § 405(g). The Clerk of Court is respectfully requested to mail a copy of this memorandum and order to plaintiff and notify him of

his right to appeal to the Second Circuit, to enter judgment accordingly, and to close this case.

**SO ORDERED.**

DATED: Brooklyn, New York
       August 23, 2010

                                    _____/s/_____
                                    **Kiyo A. Matsumoto**
                                    United States District Judge